HENRY ALLEN, complainant, v. ISAAC COLE and others.

1. Where every allegation of fraud charged in a bill filed to set aside a sheriff's sale, upon several judgments and executions by one of the judgment creditors, is met and denied by the answer, and the complainant has made no effort, by proof, to sustain the fraud, the defendants are entitled to the full benefit of their answer, so far as it is responsive to the bill.

2. If the advertisement of the sheriff sufficiently identifies the property to be sold, it is in compliance with the law. He need not describe the number of buildings or their character.

3. The adjournment of the sale need not be advertised in a newspaper. Public proclamation made at the time at which the sale was published to take place, is all that the law requires.

4. One who waits to see the result of a sale, allows property to be sold on his own judgment, as well as that of other judgment creditors, and when it turns out that purchasers have not been so unfortunate as to make a bad speculation, but rather have been lucky at the expense of the judgment creditors, then complains of the unfavorable circumstances under which the sale was made, and of frauds which demanded his prompt action to entitle him to be relieved of their consequences, is not entitled to the favorable consideration of the court.

The bill was filed August 22d, 1850. Its object was to set aside the sale of the sheriff of the county of Camden, upon several judgments and executions, and for a re-sale. It charged several of the judgments as fraudulent, and illegality in the sheriff in advertising the property and in conducting the sale.

The sheriff, T. W. M., and Isaac Cole answered the bill. The other defendants did not answer. On filing the bill, the sheriff was enjoined from making deeds to purchasers. On the coming in of the answer, a motion was made to dissolve the injunction, which was refused.

The cause was now heard upon the pleadings and proofs.

*A. Huff* and *W. N. Jeffers*, for complainant.

*T. W. Mulford*, for defendants.

THE CHANCELLOR.   Every allegation of fraud charged in the bill, is met and denied by the answer.   The complainant has made no effort, by proof, to sustain the fraud, and, of course, the defendants are entitled to the full benefit of their answer, so far as it is responsive to the bill.

As to the manner in which the sale is conducted by the sheriff, his answer is perfectly satisfactory ; and shows that the suspicions entertained by the complainant, as to any improper influence exerted over the sheriff, either by Mr. Cole or by Mr. Mulford, are without any foundation whatever.

The advertisement of the sheriff was in strict compliance with the law.   It sufficiently identified the property.   The sheriff was not bound to describe the number of buildings, or their character.   To compel a sheriff to do this would be oppressive, and oblige him to incur an expense for which the law provides him no remuneration.

The adjournment of the sale was not advertised in the newspaper.   Public proclamation was made of the adjournment at the time at which the sale was published to take place.   It has been before decided in this court, (*Cox* v. *Halsted et al.*, 1 *Green's Ch.* 316,) that this is all the law requires.

It may be true that some of the property sold below its value.   Such a consequence might reasonably be expected to follow from the sale of property situated as this was, with encumbrances upon it to a large amount, and defects of title as to some of it in a course of litigation.

The time of filing his bill does not entitle the complainant to the very favorable consideration of the court.   If he had any foundation for many of the allegations of his bill, he should have asked the interposition of the court, prior to the sheriff's making the sale.   But he waits to see the result of the sale.   He allows the property to be sold on his own judgment, as well as that of other judgment creditors, and when it turns out that purchasers have not been so unfortunate as to make bad speculations, but rather, have been

lucky, at the expense of the judgment creditors, the creditor then complains of the unfavorable circumstances under which the sale was made, and of frauds committed which demanded his prompt action to entitle him to be relieved from their consequences.

But, as I said, the frauds are denied, and no attempt is made to sustain them.

The property was sold under fifteen judgments, amounting to upwards of seventeen thousand dollars. The complainant is the only creditor who complains of the sale. I have no good reason for supposing, from the evidence before me, that the property would sell any better if a re-sale was ordered, or that either the complainant, or any other creditor, would derive any benefit from it.

The bill must be dismissed, with costs.

CITED *in Hodgson* v. *Farrell*, 2 *McCar.* 91.